RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/12/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **NOLAN C. DAVIS, SR.** | **DOCKET NO. 11-CV-1676; SEC. P** |
| **VERSUS** | **JUDGE JAMES T. TRIMBLE, JR.** |
| **MAJOR SMITH, ET AL.** | **MAGISTRATE JUDGE JAMES D. KIRK** |

## REPORT AND RECOMMENDATION

Nolan C. Davis, Sr., filed the captioned matter pursuant to 42 U.S.C. §1983, *pro se* and *in forma pauperis*. Plaintiff is an inmate incarcerated at the J. Levy Dabadie Correctional Center in Pineville, Louisiana. He complains that he was denied adequate medical care and denied due process with regard to a disciplinary conviction. He named as defendants Warden McCain, Major Smith, Mr. Slay, Lt. Lemoine, Nurse Michot, and Nurse Ports.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that on July 19, 2011, he noticed a rash on both of his hands and forearms. [Doc. #1, p.7] On August 8, 2011, he finally made a sick call regarding the rash. Plaintiff informed Nurse Michot that he had a rash and had some difficulty breathing. Nurse Michot concluded that Plaintiff has a "touch of bronchitis" and a heat rash. Plaintiff was prescribed medication. [Doc. #1, p.8]

On August 10, 2011, Plaintiff asked Defendant Smith for an

indoor job assignment due to the rash on his hands and forearms. [Doc. #1, p.14]

On August 20, 2011 Plaintiff made a second sick call because of the rash. Defendant Michot put Plaintiff on a duty status to work indoors only, and an appointment was scheduled with the doctor.

Plaintiff was examined by the doctor on August 22, 2011. The doctor opined that Plaintiff was experiencing an allergic reaction to sweat and sun, which caused the rash. [Doc. #1, p.8] Plaintiff claims that the doctor suggested making an appointment with a dermatologist. However, Michot suggested to the doctor that Plaintiff try ointment first before sending him to the dermatologist. [Doc. #1, p.9]

On August 25, 2011, Plaintiff returned to his outdoor job in the Town of Ball. Upon arrival at the job site, Plaintiff informed the civilian supervisor that the sun and sweat irritates his skin. The supervisor called Defendant Lemoine, who then called Defendant Michot to confirm Plaintiff's story. [Doc. #1, p.9] Michot reported that Plaintiff could, in fact, work. Plaintiff apparently maintained that he could not work, so he was charged with a disciplinary violation for "questioning and debating" with the officer.

On August 29, 2011, Plaintiff had a disciplinary hearing. He complains that there was some sort of conflict of interest with

Defendant Smith presiding over the hearing. [Doc. #1, p.13] Plaintiff was found guilty of the disciplinary violation and sentenced to "eight days extra duty." Plaintiff filed an administrative appeal, but Defendant McCain denied the appeal. [Doc. #1, p.14]

On August 30, 2011, Plaintiff was assigned to a grass cutting work crew. The rash soon returned. Michot gave Plaintiff another indoor duty status and instructed him to continue to use the ointment for another week. [Doc. #1, p.10]

### Law and Analysis

**1. Disciplinary Conviction**

Plaintiff alleges that Defendant Smith violated his constitutional rights by failing to investigate the disciplinary charge more thoroughly, and by finding Plaintiff guilty of the disciplinary violation without sufficient evidence. He claims that Lemoine is liable for failing to take other action to curb the fabrication of disciplinary reports against Plaintiff. He also claims that Defendant McCain violated his constitutional rights by failing to overturn the disciplinary conviction.

A prisoner's protected liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the

3

ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted). The penalty imposed on Plaintiff, eight days of extra duty, is not an atypical punishment nor does it extend the duration of Plaintiff's confinement. Thus, the disciplinary action did not implicate due process concerns. See Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000). Because there was no protected liberty interest involved in this case, the amount of evidence presented was not an issue of arguable merit. See Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455 (1985). In any event, the claim is frivolous because the charging officer's report alone was sufficient under the "some evidence" standard to support the disciplinary decision. See Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001). Finally, there is no constitutional right to have a disciplinary conviction overturned. Plaintiff has not alleged a claim having constitutional merit.

2. **Medical Care**

Plaintiff claims that Michot is liable for failing to make an appointment for Plaintiff with a dermatologist and that Defendant Port acted with deliberate indifference by making an inappropriate decision regarding Plaintiff's medical needs. In cases involving the denial of medical treatment, the facts underlying a claim of deliberate indifference must clearly evince the serious medical need in question and the alleged official dereliction. See Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). "Deliberate

4

indifference is an extremely high standard to meet." Domino v. Texas Dep't of Crim. Justice, 239 F.3d 752, 756 (5th Cir. 2001). "[T]he plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Id. (internal quotation marks and citation omitted). "[M]ere negligence, neglect, or medical malpractice" do not constitute deliberate indifference. Even "gross negligence" does not establish deliberate indifference. Hernandez v. Tex. Dep't of Prot. and Reg. Servs., 380 F.3d 872, 882 (5th Cir. 2004).

Plaintiff received duty statuses for indoor work when he experienced his heat rash. He saw a nurse and a physician and was prescribed a cream or ointment for the heat rash. His complaints were not ignored, and he has not alleged deliberate indifference. Moreover, it is unlikely that a heat rash constitutes a serious medical need. See Tasby v. Cain, 86 Fed.Appx. 745 (5th Cir. 2004)(finding that inmate's allegation relative to skin rash "does not establish that he suffered 'serious harm'"); Stepnay v. Goff, 164 Fed.Appx. 767 (10th Cir. 2006)(recognizing that "most skin conditions are not intuitively serious"); Myers v. Valdez, 2005 WL 3147869 (N.D.Tex., Nov. 17, 2005)(finding that allegations of lack of sleep and extreme rash were insufficient to state a claim); Gonzalez-Reyna v. Ellis, 2009 WL 2421482 (E.D.Va., July 27, 2009)

(concluding that "it is doubtful that a skin rash, even one which causes pain and itching, is a sufficiently serious medical condition to support an Eighth Amendment violation"); <u>Samuels v. Jackson</u>, 1999 WL 92617 (S.D.N.Y., 2/22/99)(finding that inmate's claim regarding "papules, vesicles, pustules, burrows, and intense itching was not a "serious medical need" for purposes of the Eighth Amendment).

3. **Job Classification**

Plaintiff complains that Defendant Slay is liable for not classifying Plaintiff with an indoor job assignment in light of Plaintiff's "disabilities." As noted above, Plaintiff was given indoor work status when he experienced the heat rash. Furthermore, Plaintiff has not alleged that he suffers from any disability. Also, an inmate's does not have a protected property interest in a particular prison job or in a work release program. See <u>Bulger v. U.S. Bureau of Prisons</u>, 65 F.3d 48, 50 (5th Cir. 1995). Plaintiff has not alleged the violation of a constitutional right by Slay.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation**

have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this ___ day of March, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE